IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       :

                             :     Case No. 1511002338A WLW

v.                      :     Kent County

RONDREE CAMPBELL,    :

                             :

      Defendant.       :

Submitted: April 11, 2017
Decided: April 21, 2017

## ORDER

Upon the State of Delaware's Motion for Reargument.
*Denied.*

Kenneth M. Haltom, Esquire and Nicole S. Hartman, Esquire, Department of Justice, Dover, Delaware; attorneys for the State.

Ronald D. Phillips, Esquire and Julianne E. Murray, Esquire of MurrayPhillips, P.A., Georgetown, Delaware; attorneys for the Defendant.

WITHAM, R.J.

The State has filed a Motion for Re-Argument following this Court's order of April 4, 2017.[1] Defendant Rondree Campbell has not filed a response, and the deadline for such a response has passed. The Court's earlier order granted Mr. Campbell's motion to suppress statements he made following the invocation of his right to remain silent. Because the motion raises no facts which differ from those in the Court's earlier decision, the Court does not revisit those facts here.

The State argues that the Court failed to consider Mr. Campbell's entire response to Detective Warren's question (i.e., the Court relied on Mr. Campbell saying "yeah" instead of his full response, "yeah, what is you–what is there to say?"). The State further argues that the application of *United States v. Williams*[2] weighs in favor of denying Mr. Campbell's motion.

## I. STANDARD OF REVIEW

A motion for reargument in a criminal case is governed by Superior Court Rule of Civil Procedure 59(e).[3] Such a motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[4] A motion for reargument is not an opportunity for a party to rehash arguments already decided by the Court or to present new arguments not

---

[1] *State v. Campbell*, 2017 WL 1283467 (Del. Super. Ct. Apr. 4, 2017).

[2] 690 F. Supp. 2d 829, 836 (D. Minn. 2010).

[3] *See* Super. Ct. Crim. R. 57(d).

[4] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).

2

previously raised.[5]  In order for the motion to be granted, the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[6]

## II. DISCUSSION

The contention that the Court did not consider the full context of Mr. Campbell's response is incorrect.  The Court outlined Mr. Campbell's full response on page four of its previous order.  The Court's further analysis, on page eleven of the order, did not mention the remainder of Mr. Campbell's response (namely "what is you—what is there to say?").  However, a careful review of the remainder of his response was a question that did not beg an answer: in other words, a rhetorical question.  The necessary implication of that question was that Mr. Campbell did not believe there was anything else to say.  He was done talking.  He had invoked his right to remain silent.  That is why the interrogatory detective got up disturbed and walked out.

The State notes, rightfully, that "bye," standing alone, would be an ambiguous invocation of Mr. Campbell's right to remain silent.  In fact, the Court noted as much on page eleven of its earlier order.  The State's new argument, that saying "bye" was an "acknowledgment of his future custody status," does little to defeat its ambiguity, and at best suggests one of the multiple possible interpretations a reasonable officer might place on the statement.  But it matters little, because Detective Warren asked

---

[5] *Id.*; *Hennegan v. Cardiology Consultants, P.A.*, 2008 WL 4152678, at *1 (Del. Super. Sept. 9, 2009) (citing *Denison v. Redefer*, 2006 WL 1679580, at *2 (Del. Super. Mar. 31, 2006)).

[6] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

a clarifying question, as our law requires when such an ambiguous invocation is made.[7]

When asked that clarifying question, Mr. Campbell indicated that he was done talking. The detective was not then at liberty to clarify Mr. Campbell's intent by leaving the room, returning, and then cajoling him to speak. Attempts at persuasion are not the same as clarification. The State, however, invites the Court to look at the case through a rosier lens when it argues that the detective "remind[ed] him of his *Miranda* rights" after returning to the room. In reality, Detective Warren did not repeat the warnings. At best, he alluded to them. That allusion did not cure the detective's subsequent failure to scrupulously honor Mr. Campbell's right to remain silent.

*United States v. Williams*[8] cannot bear the weight the State attempts to place on it, and even the State recognizes that the test applied there differs from the more protective standard imposed by the Delaware Constitution. In *Williams*, the defendant was asked if she was done talking, said yes, and then launched into a monologue of her own volition.[9] No such monologue occurred here. In this case, Mr. Campbell said "yes" when asked if he was done talking. The detective then angrily left the room, returned after a break, and tried to coax Mr. Campbell into talking. The

---

[7] *Campbell*, 2017 WL 1283467, at *4 & n.30 (citing *Draper v. State*, 49 A.3d 807, 810 (Del. 2002)).

[8] 690 F. Supp. 2d 829.

[9] *Id.* at 834.

difference between the two cases is stark, both legally and factually.[10]

The Court has labored under no misapprehension of the facts of this case or the law that applies. The State may not reargue its opposition to Mr. Campbell's motion.

### III. CONCLUSION

The State has not demonstrated any basis upon which it is entitled to reargue its opposition to Mr. Campbell's motion to suppress. The State's Motion for Re-Argument is thus **DENIED**.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:    Prothonotary
xc:    Kenneth M. Haltom, Esquire
       Nicole S. Hartman, Esquire
       Ronald D. Phillips, Esquire
       Julianne E. Murray, Esquire

---

[10] It is interesting to note that the Defendant appeared to want to talk to his mother when he knocked on the door after the detective left the room.